THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL D. GONZALES, Defendant-Appellant.

Second District   No. 2—95—0122

Opinion filed December 12, 1996.—Rehearing denied January 8, 1997.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

In July 1994, the defendant, Miguel D. Gonzales, was charged by indictment with three counts of first degree murder (720 ILCS 5/9—1(a)(1) (West 1994) (count I); 720 ILCS 5/9—1(a)(2) (West 1994) (counts II and III)). He was also charged with aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1994) (count IV)) and aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1994)). The charges arose from the defendant's shooting of his girlfriend's ex-husband, Carlos Rodriguez, on or about July 3, 1994. The defendant appeals the sentence imposed in this cause. We affirm.

Following a jury trial, the defendant was found guilty of one count each of first degree murder, aggravated battery with a firearm, and aggravated discharge of a weapon. The court sentenced him to 42 years' imprisonment for the murder offense and 12 years' imprisonment for the aggravated battery with a firearm. The court vacated the judgment on the aggravated discharge of a firearm, which the court found to be a lesser-included offense.

In this timely appeal, the defendant argues that, in imposing sentence, the trial court erred in considering two victim impact statements where one subsection of the Rights of Crime Victims and Witnesses Act (Crime Victims Act) defines a crime victim as "(3) a single representative who may be the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed" (725 ILCS 120/3(a)(3) (West 1994)). Defense counsel failed to object to the consideration of the impact statements ap-

pended to the presentence investigation. The defendant nevertheless urges that their consideration either amounted to plain error or resulted from the ineffective assistance of his trial counsel. We disagree.

■ The failure to object to the consideration of allegedly improper evidence during a sentencing hearing and to raise the issue in a post-sentencing motion results in a waiver of the issue on appeal unless the error is deemed plain error. *People v. Mahaffey*, 166 Ill. 2d 1, 27 (1995); see *People v. Simpson*, 172 Ill. 2d 117, 147 (1996) (issue of relevance of victim impact evidence waived). The failure to object to allegedly improper victim impact evidence ordinarily results in waiver on appeal in noncapital cases. See *People v. Wright*, 234 Ill. App. 3d 880, 899 (1992); *People v. Gutirrez*, 205 Ill. App. 3d 231, 266 (1990); *People v. Lybarger*, 198 Ill. App. 3d 700, 703 (1990). A reviewing court may apply the plain error exception to the waiver rule where the evidence is closely balanced or where the error is so substantial that it denied the defendant a fair proceeding. *Mahaffey*, 166 Ill. 2d at 27.

■ We find neither circumstance present here, and we deem the alleged error waived. Additionally, the error, if any, is not so substantial that we would find the type of prejudice necessary to conclude that defense counsel was ineffective. The defendant has failed to show that the court's consideration of the impact statements was so prejudicial that it undermines confidence in the outcome. *People v. Van Ostran*, 168 Ill. App. 3d 517, 522 (1988).

■ Victim impact statements concerning the effects upon the victim's family are both relevant and admissible during the sentencing phase of a trial. *People v. Pavlovskis*, 229 Ill. App. 3d 776, 782 (1992). According to section 5—3—2(a)(3) of the Unified Code of Corrections (Code), the impact of the offense upon "the victim or *victims*" is to be set forth in the presentence report. (Emphasis added.) 730 ILCS 5/5—3—2(a)(3) (West 1994). Pursuant to section 6 of the Crime Victims Act, a victim also has the right to present an impact statement orally to the trial court at the sentencing hearing; that statement is to be prepared in writing in conjunction with the State's Attorney prior to the hearing. 725 ILCS 120/6 (West 1994); *Pavlovskis*, 229 Ill. App. 3d at 780-82.

■ Notwithstanding the defendant's highly restrictive view that one subsection of the statutory definitions of crime victim contemplates only one representative addressing the court, our review of the cases and the overall statutory scheme persuades us that the trial court may consider victim impact evidence from more than one source. See, *e.g.*, *Pavlovskis*, 229 Ill. App. 3d at 780-82; *People v.*

*Forbes*, 205 Ill. App. 3d 851, 864 (1990); *People v. Hernandez*, 204 Ill. App. 3d 732, 744-46 (1990). Moreover, it is clear to us that the trial court gave no undue weight to the victim impact statements and merely mentioned the written reports in passing. No victim actually addressed the court. At most, the statements amounted to cumulative evidence.

■ Our review of the record shows that the court considered many factors in rendering its sentence, including, among others, the seriousness of the offense, the reckless manner in which the defendant returned to shoot the victim again in the presence of others and the corresponding need to protect the public; the need to deter others; and the defendant's attempt, while in custody, to solicit assassins to harm family members of the victim. Nevertheless, the court imposed an intermediate sentence. The defendant waived the issue of the court's consideration of the victim impact statements. Even if not waived, we find neither plain error here nor any merit in the claim of ineffective assistance of counsel.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and RATHJE, JJ., concur.